UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NATIONAL BANK & TRUST COMPANY, | Case No. 1:04-cv-789 |
| Plaintiff, | Watson, J.<br>Black, M.J. |
| vs. | |
| LEE WEBB, *et al.*, | |
| Defendants. | |

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION TO SEVER AND DISMISS DEFENDANT WESTERN SURETY COMPANY (Doc. 12) BE GRANTED

This matter is before the Court on a motion by plaintiff, The National Bank & Trust Company ("NB&T"), to sever and dismiss with prejudice its claims against defendant Western Surety Company. NB&T brings the motion pursuant to Fed. R. Civ. P. 21 and 41(a). The motion is unopposed.

### DISCUSSION

Rule 21 of the Federal Rules of Civil Procedure, Misjoinder and Non-joinder of Parties, provides in pertinent part as follows:

> Misjoinder of parties is not ground for dismissal of an action. Parties may dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Fed. R. Civ. P. 21.

Rule 41 of the Federal Rules of Civil Procedure, Dismissal of Actions, provides in part as follows:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed. R. Civ. P. 41(a)(1).

Rule 41 also provides that, in other circumstances, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

Because Rule 41 refers to dismissal of an "action" not a "claim," the Sixth Circuit has found that Rule 21 is the proper vehicle for the elimination of a party and the dismissal of claims against it. *See Letherer v. Alger Group, L.L.C.,* 328 F.3d 262, 266-67 (6th Cir. 2003).

NB&T seeks an order dropping defendant Western Surety Company on the ground that NB&T no longer has a claim against Western Surety Company. The only claim asserted by NB&T against Western Surety Company was for payment of a surety bond. (*See* doc. 1 at 4-5). NB&T asserts that Western Surety Company has paid the amount of the bond in full. (*See* doc. 12 at 2).

Pursuant to Rule 21, the court may exercise its discretion to drop a party whose presence no longer affects the issues being litigated. *Letherer*, 328 F.3d at

267 (citations omitted).   Because Western Surety Company has paid the amount of the bond in full, its presence is no longer required.  *See id.*

Therefore, **IT IS RECOMMENDED** that the motion to sever and dismiss be **GRANTED**; defendant Western Surety Company be **SEVERED** and NB&T's claims against defendant Western Surety Company be **DISMISSED,** with prejudice, pursuant to Fed. R. Civ. P. 21.


Date:   6/1/05                                            s/Timothy S. Black
                                                                Timothy S. Black
                                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NATIONAL BANK & TRUST COMPANY, | Case No. 1:04-cv-789 |
| Plaintiff, | Watson, J. Black, M.J. |
| vs. | |
| LEE WEBB, *et al.,* | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).