UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NATIONAL BANK & TRUST COMPANY, | : | Case No. 1:04-cv-789 |
| Plaintiff, | : | Black, M.J. |
| vs. | : | |
| LEE WEBB, *et al.*, | : | **MEMORANDUM OPINION** |
| Defendants. | : | **AND ORDER** |

Plaintiff National Bank and Trust Company ("NB&T" or "Plaintiff") initiated this action by filing a complaint pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging a breach of fiduciary duties by Defendants as officers and directors of a family-run corporation. (*See* Doc. 1.) The parties have consented to final disposition by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Docs. 16, 17.)

On March 17, 2006, Plaintiff filed a motion for summary judgment, which pleading is now before the Court. (*See* Docs. 29-31.) On April 12, 2006, Defendants filed a *pro se* response to the motion, incorporating by reference the allegations and claims which were presented in their Answer and Counterclaim. (Doc. 35; *see* Doc. 9.) Although the time in which to supplement their response was extended until May 30, 2006 (*see* Doc. 41), no further response to the motion for summary judgment has been filed. Accordingly, the matter is now ripe for review.

## I.  BACKGROUND

Defendants Lee Webb, Keri Webb, and Daniel Webb were officers and directors of a family-run corporation, D&K Aviation, Inc. ("D&K").  (*See* Doc. 29-2, Ex. A, "Debtor Examination of Lee Webb and Keri Webb" (hereinafter "Debtor Exam.") at 9.) Effective January 1, 2001, D&K adopted a 401(k) retirement plan (the "Plan") for its employees.  (*See* Doc. 31-3 at 3.)  Pursuant to the Plan, qualified employees were entitled to have certain amounts deducted from their compensation for deposit into the Plan.  (*See* Doc. 31-1 at ¶ 3.)  Additionally, the Plan provided for a three percent non-elective contribution by D&K for qualified employees.  (*Id.*)  In 2001, the Summary Plan Description expressly provided that the trustees of the Plan were Keri D. Webb, Daniel Webb, and Lee F. Webb.  (*See* Doc. 31-3 at 11.)

In June 2003, NB&T became the Trustee of the D&K Plan.  (*See* Doc. 31-1 at ¶ 4.)  NB&T allegedly discovered that Defendants had failed to deposit amounts withheld from employee compensation and to make the three percent non-elective contributions. (*Id.*)  Through this action, NB&T seeks to recover the amount of $38,878.76, which Defendants failed to deposit in the Plan, plus interest, as well as an award of attorney fees pursuant to ERISA, 29 U.S.C. § 1132(g).[1]  (*See* Doc. 1-1 at ¶¶ A-B; Doc. 31-1 at ¶ 7.)

---

[1]  Section 1132(g) provides in pertinent part as follows:

> In any action under this subchapter (other than an action [involving a multiemployer plan] described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

In their counterclaim (incorporated by reference in their response to the motion for summary judgment), Defendants allege, *inter alia*, that NB&T made material and fraudulent misrepresentations to them concerning the nature of the financial agreement that they entered into, specifically, that the contributions to the Plan would be voluntary on the part of the employees and that D&K's obligation to contribute to the Plan on behalf of its employees was limited to the amount contributed by the employees. (*See* Doc. 9 at ¶¶ 8-21.)  Additionally, Defendants allege that NB&T has breached the terms of the agreement to create an employee benefit plan, and they seek to recover damages for that breach. (*See id.* at ¶¶ 22-31.)

NB&T contends that it is entitled to summary judgment as a matter of law on its ERISA-based claims because Defendants failed to present any evidence to create a genuine issue of material fact.  NB&T further contends that it is entitled to summary judgment with respect to Defendants' counterclaims because Defendants have failed to present any evidence on which a reasonable jury could find in their favor.

NB&T relies in part on Fed. R. Civ. P. 36(a), which provides that in the event a party fails to respond to Requests for Admissions, the matters set forth in the requests are deemed admitted.  *See* Fed. R. Civ. P. 36(a).  Defendants did not respond to NB&T's Requests for Admissions. (*See* Doc. 39.)

Accordingly, the factual matters set forth in the Requests for Admissions (*see*

---

29 U.S.C. § 1132(g)(1).

Doc. 30-5 at 13-17, 31-35, 48-53) are deemed admitted. The Court will rely on these admissions, in addition to the other evidence of record, in determining whether Plaintiff is entitled to summary judgment. *See* Fed. R. Civ. P. 56(c); *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) ("Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment.").

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When the moving party files a motion for summary judgment, the non-moving party cannot "rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The Federal Rules of Civil Procedure require that the non-moving party produce some evidence in support of its allegations supporting its claims, by affidavits or as

otherwise provided in the rule. Fed. R. Civ. P. 56(e). If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. *Id.*; *see also Anderson*, 477 U.S. at 248-49; *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, *reh'g denied*, 393 U.S. 901 (1968). When a motion for summary judgment goes unopposed, the district court may properly rely upon the facts provided by the moving party. *See Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-05 (6th Cir. 1992).

### III.  DISCUSSION

*A.  Plaintiff's Claims Under ERISA*

To prevail on its claims under ERISA, NB&T must establish that Defendants are fiduciaries for purposes of ERISA and that they violated their fiduciary duties. *See* 29 U.S.C. § 1132(a)(2) ("A civil action may be brought . . . by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title."); 29 U.S.C. § 1109(a) ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach.")

In a case charging a breach of ERISA fiduciary duties, the threshold question is whether the actions subject to complaint were taken by a person acting as a fiduciary (that is, was performing a fiduciary function) when taking the challenged actions. *See*

*Seaway Food Town, Inc. v. Medical Mut. of Ohio*, 347 F.3d 610, 617 (6th Cir. 2003) (citing *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000)).

ERISA provides in pertinent part that "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A); *see Michigan Affiliated Healthcare Sys., Inc. v. CC Sys. Corp.*, 139 F.3d 546, 549 (6th Cir. 1998) (recognizing that the definition of an ERISA fiduciary not only includes persons specifically named as fiduciaries by the plan, but also any person who exercises discretionary control or authority over a plan's management, administration, or assets). Any authority or control over plan assets is sufficient to render fiduciary status. *See IT Corp. v. General Am. Life Ins. Co.*, 107 F.3d 1415, 1421-22 (9th Cir. 1997) ("The right to write checks on plan funds is 'authority or control respecting management or disposition of [ ] assets.'"), *cert. denied*, 522 U.S. 1068 (1998); *PMTA-ILA Containerization Fund v. Rose*, No. 94-5635, 1995 WL 461269, *5 (E.D. Pa. Aug. 2, 1995) ("Courts have consistently held that employers who exercise discretionary control over funds that are designated for deposit into an ERISA fund qualify as fiduciaries.") (cited in *Iron Workers' Local No. 25 Pension Fund v. McGuire Steel Erection, Inc.* (*McGuire*), 352 F. Supp. 2d 794, 806 (E.D. Mich.. 2004)).

Undisputed evidence shows that Defendants Lee Webb, Daniel Webb, and Keri

Webb were identified as trustees of the Plan in its inception (*see* Doc. 31-3 at 11), and that Lee Webb and Keri Webb exercised control over funds designated for deposit into the Plan (*see* Doc. 29-2, Debtor Exam. at 20, 22; Doc. 30-5 at 16, 50-51).

Thus, here, NB&T has established that Defendants were fiduciaries for purposes of ERISA; and, as set forth *infra*, that Defendants breached their fiduciary duties.

ERISA requires that a fiduciary act for the exclusive proposes of providing benefits to plan participants and their beneficiaries. *See* 29 U.S.C. § 1104(a)(1)(A). Where it is shown that a fiduciary utilized plan assets to pay general expenses of the company, the fiduciary has failed to act for the exclusive benefit of plan participants as required by ERISA. *See Chao v. Magic P.I. & Sec., Inc.*, No. 1:04-CV-205, 2005 WL 3289352, at *4 (W.D. Mich. Dec. 5, 2005); *see also McGuire*, 352 F. Supp. 2d at 806; *Yeseta v. Baima*, 837 F.2d 380 (9th Cir. 1988) (an employee who, at the direction of company principals, withdrew plan assets and placed those assets in the company's account to pay "necessary operating expenses" held personally liable as a fiduciary under ERISA).

Plaintiff has established that Defendants withheld employees' compensation for deposit into the Plan and that these funds were utilized to pay D&K's general business expenses. (*See* Doc. 29-2, Debtor Exam. at 26-28; Doc. 30-5 at 16, 33, 50-51). Thus, NB&T is entitled to judgment as a matter of law on its claim that Defendants breached their fiduciary duties under ERISA.

*B. Plaintiff's Request For Attorney's Fees And Costs*

Having established its claim based on a breach of fiduciary duties, the Court may determine whether NB&T is also entitled to an award of reasonable attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(1). Whether to award fees under § 1132(g)(1) is within the Court's discretion. *See Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 520 (6th Cir. 2006); *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669-70 (6th Cir. 1985) (*per curiam*). Factors to be considered include: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *King*, 775 F.2d at 669-70.

Here, factors one, three, four and five favor an award of fees. Culpability or bad faith on the part of Defendants is evidenced by their unwillingness to cooperate in any stage of this litigation, for example, by failing to communicate with their counsel (*see* Doc. 21) and by failing to respond to Plaintiff's discovery requests or to attend their properly noticed depositions (*see* Doc. 39.) Moreover, an award of fees and costs would have a deterrent effect on persons under similar circumstances. It also appears that Plaintiff sought to confer a common benefit on all participants and beneficiaries of the

-8-

D&K 401(k) Plan. Finally, a weighing of the relative merits of the parties' positions tips to Plaintiff's favor.

An award of fees, however, must be reasonable. *See* 29 U.S.C. § 1132(g)(1). The Court uses the "lodestar" approach to determine whether an award is reasonable. *See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The "lodestar" is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Plaintiff contends that it is entitled to $9,268.50 in attorney fees and costs. In support of its claim, Plaintiff has submitted a copy of counsel's invoice detailing, according to the Court's calculations, 57 hours of activity billed at approximately $160.00 per hour, for total fees, as of February 28, 2006, of $9,118.50, plus $150.00 in costs. (*See* Doc. 30, Ex. 4.)

In the absence of any opposition by Defendants, the Court finds that the total amount of attorney's fees and costs claimed, $9,268.50, is reasonable.

*C. Plaintiff's Request for Pre-judgment and Post-judgment Interest*

Plaintiff also requests an award of pre-judgment interest from June 2003. (*See* Doc. 29-1 at 14.) Because ERISA does not address the propriety of awarding pre-judgment interest, whether to award such interest is in the discretion of the district court. *See Douglas v. Evans Indus., Inc.*, 184 F. Supp. 2d 636, 640-41 (E.D. Mich. 2001)

(citing *Drennan v. General Motors Corp.*, 977 F.2d 246, 253 (6th Cir. 1992), *cert. denied*, 508 U.S. 940 (1993)). *See also Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir. 1982) (prejudgment interest is appropriate in an ERISA action when the employer failed to meet contractual obligations to trust funds).

The Sixth Circuit has determined that the district court may refer to statutory post-judgment framework set out in 28 U.S.C. § 1961 in calculating an award of pre-judgment interest in an ERISA case. *See Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998). Section 1961 provides in pertinent part that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." 29 U.S.C. § 1961(a).

In June 2003, the average 1-year constant maturity Treasury yield was 1.01 percent. *See* http://www.federalreserve.gov/releases/h15/data.htm. From June 2003 to the present, the weekly rate has ranged from a low of .97 percent (June 13, 2003) to a high of 5.27 percent (June 30, 2006), averaging about 3 percent during that time. *See id.*

An award of interest must not be punitive but should compensate the Plan for lost interest it could have earned if the contribution had not been withheld. *See Ford*, 154 F.3d at 618.

Accordingly, the Court finds that Plaintiff is entitled to pre-judgment interest at a

rate of 3 percent. Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

*D. Defendants' Counterclaims*

Finally, to prevail on its motion for summary judgment with respect to Defendants' counterclaims, NB&T need only establish the absence any evidence on which a reasonable jury could find in Defendants' favor. *See Anderson*, 477 U.S. at 248.

Defendants have not presented any evidence in support of their claims of misrepresentation, fraud and breach of contract. The conclusory allegations found in their Answer and Counterclaim, without more, are insufficient to create a genuine issue of material fact. *See* Fed. R. Civ. P. 56(e); *Savas v. William Beaumont Hosp.*, 102 Fed. Appx. 447, 450 (6th Cir. 2002) ("Merely alleging something in the complaint is not enough to create a jury issue in the face of a motion for summary judgment.").

## IV. CONCLUSION

For the reasons stated, **IT IS THEREFORE ORDERED THAT** Plaintiff's motion for summary judgment (Doc. 29) is **GRANTED,** and judgment will be entered in favor of Plaintiff, National Bank & Trust Company.

**IT IS FURTHER ORDERED** as follows:

1. Defendants are **DIRECTED** to pay **$38,878.76**, plus interest, to Plaintiff National Bank and Trust Company for deposit in the D&K Aviation Inc. 401(k) Plan;

2. Defendants **SHALL PAY** pre-judgment interest calculated at a rate of 3

percent per annum from June 30, 2003 until the date judgment is entered, and post-judgment interest as provided by 28 U.S.C. § 1961;

    3.  Plaintiff National Bank and Trust Company is **AWARDED** attorney's fees and costs in the amount of **$9,268.50**; and

    4.  As there are no more matters pending before the Court, this case is **CLOSED**.

    **IT IS SO ORDERED**.


Date:   7/10/06                                                s/Timothy S. Black
                                                                                Timothy S. Black
                                                                                United States Magistrate Judge